T.C. Summary Opinion 2001-72

UNITED STATES TAX COURT

CARRIE A. LESNIK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12201-99S.                    Filed May 17, 2001.

Carrie A. Lesnik, pro se.

<u>Michael J. Calabrese</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For taxable years 1995, 1996, and 1997 respondent determined deficiencies in petitioners' Federal income taxes of $4,757, $3,512, and $2,506 and accuracy-related penalties of $951.40, $702.40, and $501.20.

The issues for decision are:  (1) Whether amounts received by petitioner pursuant to a judgment of divorce are includable in her income under section 71; and (2) whether petitioner is liable for accuracy-related penalties under section 6662(a) for negligence or disregard of rules or regulations.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.  Petitioner resided in Milwaukee, Wisconsin, on the date the petition was filed in this case.

Petitioner and her former husband, David G. Lesnik, were divorced pursuant to a judgment entered by the Circuit Court, Family Court Branch of the State of Wisconsin, Milwaukee County on July 9, 1984.  The findings of fact accompanying the judgment provided in relevant part:

> 12.  FAMILY SUPPORT.  That family support shall be set at the sum of $750.00 per month.  Due to possible fluctuation in the income of the petitioner [Mr. Lesnik] the petitioner shall furnish to the respondent [petitioner] or her attorney quarterly a record of all his income.  Using 29% of said income, plus $150.00 per

month, if the figure exceeds $750.00 per month, the petitioner shall pay to the respondent a sum equal to said difference. If said figure equals or is less than $750.00 p/mo, there will be no adjustment for support for that quarter.

The support payments were to commence June 7, 1984, and be made at the office of (or through assignment to) the clerk of the court.

Petitioner filed Federal income tax returns for taxable years 1995 through 1997 on Forms 1040A, U.S. Individual Income Tax Return. No line on the forms was dedicated to "alimony received", and no income reported by petitioner was designated as alimony. Petitioner reported the following amounts and types of income in each year:

|  | 1995 | 1996 | 1997 |
|---|---|---|---|
| Form W-2 | $14,709.75 | -0- | $20,856.27 |
| Form 1099-R | 979.55 | -0- | -0- |
| Unspecified | -0- | 22,097.00 | 3,022.73 |
| Total income | 15,689.30 | 22,097.00 | 23,879.00 |

Respondent issued petitioner a statutory notice of deficiency reflecting his determination that petitioner received alimony income of $16,889, $14,380, and $14,715 in each respective year.[1]

The first issue for decision is whether the amounts received by petitioner pursuant to the judgment of divorce are includable in her income under section 71. Petitioner concedes that $150 of

---

[1]Respondent also disallowed the earned income credit claimed by petitioner in each year. This adjustment is computational and will be resolved by the Court's holding on the issues in this case.

the monthly family support payments is alimony and therefore includable in her income.  She argues, however, that the remaining $600 was in actuality for child support, and therefore not includable in her income.[2]

We accept petitioner's testimony that she believed that the bulk of the monthly family support payments was intended to be child support in the traditional sense of the term.  In fact, the record shows that that was most likely the case.  For example, the transcript of a divorce court hearing regarding petitioner and her former spouse indicates the court intended that, for nontax purposes, $150 of the payments was to be alimony and the remaining $600 child support.  Responding to the question by counsel for petitioner:  "What's the $150?", the court replied "That's a figure I'm placing on support for the wife.  I don't want to say that because I get involved in the federal tax people because that is child support. * * * I'm trying to protect him from saying that the $150 is maintenance and the 29 percent is support."  In addition, the payments were referred to as child support in a court record; the record reflects the reduction of the payments upon the emancipation of one of petitioner's children and the apparent termination of the payments upon the emancipation of her other child.  However, as discussed below,

---

[2]Petitioner does not challenge the specific dollar amounts of alimony determined by respondent, for which there is a lack of supporting evidence in the record.

whether or not the payments were intended to be support earmarked for the petitioner's children does not alter the Federal income tax consequences of the express terms of the divorce judgment.

Section 71(a)[3] lists several requirements which must be met in order to characterize payments made pursuant to a divorce decree as alimony payments for purposes of Federal tax law. If the requirements of section 71(a) are met, the payments generally must be included in the payee spouse's income, whether or not the payments are "alimony" for purposes other than Federal tax law. However, section 71(b) provides an exception to the general rule for certain child support payments. It provides:

> SEC. 71(b). Payments to Support Minor Children.-- Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband.  * * *

The statute clearly requires that the divorce instrument expressly fix the amount of child support; in the absence of such an express provision, the exception under section 71(b) does not

---

[3]Because the divorce judgement in this case was entered prior to 1985, we apply the provisions of sec. 71 which were applicable before the changes made by the Deficit Reduction Act of 1984 (DEFRA), Pub. L. 98-369, sec. 422(e), 98 Stat. 798. We note that the amount of the family support payments required by the judgment in this case was modified at least once after 1984. However, a post-1984 modification of a pre-1985 judgment does not cause the DEFRA changes to apply unless the modification expressly so provides. See id. at sec. 422(e)(2); see also Libman v. Commissioner, T.C. Memo. 1990-629. Nothing in the record indicates such a provision existed in this case.

apply and the payments must be included in the payee's income if they otherwise meet the requirements of section 71(a). See Commissioner v. Lester, 366 U.S. 299, 303 (1961). Any indication of an intent to allocate a portion of a payment as child support which is not an express provision of the instrument fixing it as such is insufficient to cause the section 71(b) exception to apply. See id.

It is clear in this case that the divorce instrument did not fix any portion of the family support payments as child support. Consequently, despite the evidence that the payments under the instrument were in fact primarily for support of the children, they do not meet the requirements for the exception under section 71(b). We therefore sustain respondent's determination that payments received by petitioner under the judgment of divorce must be included in her income.

The second issue for decision is whether petitioner is liable for accuracy-related penalties under section 6662(a). Respondent determined that petitioner is liable for an accuracy-related penalty imposed by section 6662(a) for the entire underpayment of tax in each of the years in issue because these underpayments were due to negligence or disregard of rules or regulations.

Section 6662(a) imposes a 20-percent penalty on the portion of an underpayment attributable to any one of various factors,

one of which is negligence or disregard of rules or regulations. See sec. 6662(b)(1). "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and also includes any failure to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Section 6664(c)(1) provides that the penalty under section 6662(a) shall not apply to any portion of an underpayment if it is shown that there was reasonable cause for the taxpayer's position and that the taxpayer acted in good faith with respect to that portion. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. See sec. 1.6664-4(b)(1), Income Tax Regs. The most important factor is the extent of the taxpayer's effort to assess his proper tax liability for the year. See id. Reasonable cause and good faith may be indicated by an honest and reasonable misunderstanding of fact or law. See id.

Petitioner asserts that she includes the amount which she believes to be alimony, $150 per month, in her taxable income each year. The record does not support this assertion. In 1997, petitioner reported $3,022.73 in excess of her wage income. This amount was far in excess of a $150 monthly payment, which would equal $1,800. Petitioner did not explain the discrepancy. We

find there to be no indication that petitioner reported any alimony income in 1997. In 1996, none of the sources of petitioner's income were shown. In 1995, petitioner reported no income in excess of the income reported on her Form W-2, Wage and Tax Statement, and her Form 1099-R, Distributions From Pensions, Annuities, Retirement Plans, IRAs, Insurance Contracts, etc. It is therefore clear that no part of her reported income in that year could have been from alimony, which was to be paid by Mr. Lesnik through the county court. Finally, petitioner did not dispute the statement in the notice of deficiency that she reported no alimony income in each of the years in issue.

We uphold respondent's determination that petitioner is liable for the accuracy-related penalties, but only as to that portion of the penalties which is attributable to her failure to report what she has conceded to be alimony--$150 per month. Petitioner's statements in the record indicate she knew the amounts to be taxable and yet failed to report them.

On the other hand, we find that petitioner had reasonable cause in maintaining her position that the remainder of the payments were not alimony, and therefore should not be includable in her income. This position was a reasonable and honest misunderstanding of fact and law, and we accept it as petitioner's honest belief. See sec. 1.6664-4(b)(1), Income Tax

Regs.  We therefore hold that petitioner is not liable for negligence in failing to report these amounts as income.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.